UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXIS MILLAN,<br><br>        Plaintiff,<br><br>v.<br><br>SANTA CLARA PD, et al.,<br><br>        Defendants. | Case No. 23-cv-05311-RFL<br><br>**ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE; ORDER GRANTING IN FORMA PAUPERIS APPLICATION**<br><br>Re: Dkt. No. 4 |

Alexis Millan, a pretrial detainee at Elmwood Correctional Facility in Milpitas, California, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. Section 1983. (Dkt. No. 1 ("Complaint").) Millan has filed a motion for leave to proceed *in forma pauperis*, which is granted. (Dkt. No. 4.) The court now addresses the claims asserted in the Complaint.

The Complaint is dismissed because Millan's request for § 1983 damages, which is premised on allegations of prosecutorial and police misconduct, is barred at this time by the pendency of his state criminal case. Dismissal is without prejudice to, for example, Millan filing a future civil rights action after his state criminal case is dismissed or, if he is convicted, after any conviction is set aside through a successful habeas petition.

I.     **BACKGROUND**

Millan claims that officers entered his home without a warrant and illegally searched his home. (Compl. at 4, 5.) During the search, he was allegedly subject to unnecessary and excessive force. (*See id.*) His property was allegedly improperly confiscated. (Dkt. No. 8.) Following the search, Millan was arrested and charged with a crime. (Compl. at 5 (stating that "fake charges" were filed against him).) He currently is in custody on these charges. (*Id.* at 1.)

1

Millan represents that he has been in custody for one year. (Dkt. No. 9.) Santa Clara County Superior Court records show that Millan was indicted on February 26, 2024. *See* Docket, *People v. Millan*, Case No. C2402816 (Santa Clara Cty. Super. Ct.).

In the Complaint, Millan seeks $100,000 in damages. (Compl. at 5.) In a letter to the Court, Millan says he "need[s] to get home." (Dkt. No. 9.)

## II.   LEGAL STANDARD

Federal courts must screen any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## III.   ANALYSIS

The Complaint and Millan's correspondence reveal that his claims are *Younger*-barred.

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37, 43-54 (1971). Absent extraordinary circumstances, abstention under the *Younger* principle is required when: (1) state judicial proceedings are ongoing; (2) the state proceedings implicate important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so. *San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008).

Here, all the *Younger* criteria are satisfied. First, state proceedings appear to be pending, because Millan makes clear that he is the subject of ongoing criminal proceedings. (*See* Compl. at 1; Dkt. Nos. 8-9). Second, state criminal proceedings involve important state interests. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986) (citing *Younger*, 401 U.S. at 44-45) ("This Court has

recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief."). Third, Millan is not barred from litigating his federal constitutional issues in state court.

Fourth, the instant federal action threatens to interfere with the state criminal proceedings in a manner that *Younger* disapproves by inserting federal court oversight into an ongoing state criminal proceeding. For example, Millan asks this Court to rule on his claim that Defendants searched his home without a warrant. The Complaint makes clear that the warrantless search led to the charges currently pending against Millan. The Court cannot consider the legality of the search without affecting the evidence put before the state criminal court, and thus interfering with state proceedings.

Accordingly, abstention is appropriate here. *Accord Noel v. Warden*, Case No. 19-cv-3118-EMC (N.D. Cal. Nov. 20, 2020) (applying *Younger* abstention doctrine and dismissing action without prejudice to petitioner filing new action after his state-court appeal concluded).

## IV.   CONCLUSION

This action is dismissed for failure to state a claim upon which relief may be granted. Dismissal is without prejudice.

Millan's *in forma pauperis* application is **GRANTED**. The initial partial filing fee is $0.01. *See* 28 U.S.C. § 1915(b)(1) (requiring a court to assess an initial filing fee of 20 percent of a prisoner's average monthly deposits or monthly balance, whichever is greater). A copy of this order and the attached instructions will be sent to Millan and the institution's trust account office.

The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: June 17, 2024

_____
RITA F. LIN
United States District Judge

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

## INSTRUCTIONS FOR PAYMENT OF PRISONER'S FILING FEE

The prisoner shown as the plaintiff or petitioner on the attached order has filed a civil action in forma pauperis in this court and owes to the court a filing fee. Pursuant to 28 U.S.C. § 1915, the fee is to be paid as follows:

The initial partial filing fee listed on the attached order should be deducted by the prison trust account office from the prisoner's trust account and forwarded to the clerk of the court as the first installment payment on the filing fee. This amount is twenty percent of the greater of (a) the average monthly deposits to the prisoner's account for the 6-month period immediately preceding the filing of the complaint/petition or (b) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint/petition.

Thereafter, on a monthly basis, 20 percent of the preceding month's income credited to the prisoner's trust account should be deducted and forwarded to the court each time the amount in the account exceeds ten dollars ($10.00). The prison trust account office should continue to do this until the filing fee has been paid in full.

If the prisoner does not have sufficient funds in his/her account to pay the initial partial filing fee, the prison trust account office should forward the available funds, and carry the balance forward each month until the amount is fully paid.

If the prisoner has filed more than one complaint, (s)he is required to pay a filing fee for each case. The trust account office should make the monthly calculations and payments for each case in which it receives an order granting in forma pauperis and these instructions.

**The prisoner's name and case number must be noted on each remittance.** The initial partial filing fee is due **within thirty days** of the date of the attached order. Checks should be made payable to Clerk, U.S. District Court and sent to Prisoner Accounts Receivable, U.S. District Court, 450 Golden Gate Avenue, Box 36060, San Francisco, CA 94102.

cc:   Plaintiff/Petitioner